UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL CARRERO,

                    Petitioner,

        -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, POLICE
OFFICER ADRIAN RAMOS, SHIELD #027579,
40 PCT., POLICE OFFICER ANARITZA
GONZALEZ, SHIELD # 23027, 40 PCT., POLICE
OFFICER NELSON NIN, SHIELD # 15130,
40 PCT. & POLICE OFFICERS "JOHN & JANE
DOE," 40 PCT.

                    Respondents.

16 Civ. 8566

COMPLAINT AND
DEMAND FOR
JURY TRIAL

        Plaintiff MIGUEL CARRERO, by and through his attorney, Steven H.

Goldman, Esq., for her Complaint alleges as follows:


                        PRELIMINARY STATEMENT

        Miguel Carrero and his fiance Yamaira Mendez-Acevedo were walking to a

nearby park from his residence to pick-up their son when they were stopped by the

police.   The police officer asked him where they were going, and he told them he and his

fiance were heading to the park to pick-up their son.   The police officer then asked him

why his fiance sat on the stoop outside the residence while he went inside.   Mr. Carrero

informed the officer that he lived in a ¾ house that didn't allow visitors to enter the

residence, so his fiance had to wait outside while he went inside his residence.   The

1

officer then asked Mr. Carrero if he had any weapons, to which he responded no.  An

officer then searched Mr. Carrero, but no contraband was recovered from him.  Another

officer then searched Ms. Mendez-Acevedo and recovered a bag of heroin from her.

Both Mr. Carrero and Ms. Mendez-Acevedo were then arrested.

 Mr. Carrero found-out at his arraignment that he was being accused of selling Ms.

Mendez-Acevedo a bag of heroin.  Though no additional heroin was recovered from Mr.

Carrero to suggest that he was selling heroin to others, and though there was no other

credible evidence that he sold or gave the heroin to his fiance, he was nonetheless

arrested and charged with Criminal Sale of a Controlled Substance in the Third Degree.

As a result, he spent over 24 hours in jail and had to return to court approximately 8 times

before the charges were eventually dismissed on April 4, 2016.


## THE PARTIES


1.  Plaintiff MIGUEL CARRERO is a citizen of the United States and a

resident of Bronx County in the State of New York.


2.  Defendant City of New York ("the City") is a municipality organized and

existing under the laws of the State of New York.  At all times relevant hereto, the City,

acting through the New York Police Department ("NYPD"), was responsible for the

policy, practice, supervision, implementation, and conduct of all NYPD matters and was

responsible for the appointment, training, supervision, and conduct of all NYPD

personnel.  In addition, at all relevant times, the City was responsible for enforcing the

rules of the NYPD (and regulations of the NYPD patrol guide), and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

3.      At all times relevant hereto, defendants Gonzalez, Ramos and Nin were police officers employed by and/or under the supervision of the New York Police Department, acting in their capacity as agents, servants, and employees of the City of New York, and within the scope of their employment as such.

## JURISDICTION AND VENUE

4.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and New York state common law.

5.      The jurisdiction of the Court is predicated upon 28 U.S.C. §§ 1331, 1343(a) (3) and (4), 1367(a), and the doctrine of pendent jurisdiction for state law claims.

6.      The acts complained of occurred in the Southern District of New York, and venue is lodged in the Court pursuant to 28 U.S.C. § 1391(b).

7.       This action has been commenced within one year and three months after the happening of the event upon which the claim is based.

## JURY DEMAND

8.      Plaintiff demands trial by jury in this action.

FACTUAL ALLEGATIONS

9.      On August 5, 2015, Miguel Carrero was a 57-year-old man living at 719 Eagle Ave., in the Bronx, a residence for people who are recovering from drug addiction, dealing with housing issues and similar problems.  The residence had a policy against allowing visitors on the premises.

10.      He currently lives at 1046 Summit Avenue in the Bronx.

11.      The charges in the instant case, Docket No. 2015BX036375, were dismissed against Mr. Carrero on April 4, 2016.  See Exhibit 1, Certificate of Disposition, Miguel Carrero.

12.      On August 5, 2015, Plaintiff and his fiance, Yamaira Mendez-Acevedo, stopped by his residence at 719 Eagle Ave.  He went inside to retrieve two lotto tickets that he had purchased earlier so he could give them to his fiance to hold for him.  Ms. Mendez-Acevedo, meanwhile, waited for him on the stoop in front of the residence. When Plaintiff exited the residence he gave the lotto tickets to Ms. Mendez-Acevedo, whereupon the two of them proceeded to a nearby park to pick-up their 12-year-old son, Juan Carlos Ortiz.

13.      On the way to the park they were stopped by some police officers. One officer asked Plaintiff where they were going.  He said they were heading to the park to pick-up their son.  The officer asked where they were coming from and he informed the officer he was coming from his residence.  The officer asked why his fiance remained outside the residence when he went inside.  Plaintiff explained that he lives in a ¾ housing residence that doesn't permit visitors inside.  The officer then asked him if he had any weapons on him, to which he said he did not.

4

14.     Following this conversation, the officer searched Plaintiff.  He did not find a weapon, drugs or contraband of any sort on Plaintiff's person.  Neither did he find any money, or  anything that would suggest that Plaintiff was trafficking in narcotics. Another officer then searched Ms. Mendez-Acevedo and found one bag of heroin on her person.

15.     Based on the discovery of heroin on Ms. Mendez-Acevedo, both Plaintiff and Ms. Mendez-Acevedo were arrested.  Plaintiff was charged with Criminal Sale of a Controlled Substance in the Third Degree, while Ms. Mendez-Acevedo was charged with Criminal Possession of a Controlled Substance in the Seventh Degree. See Exhibit 2, Criminal Court Complaint of Miguel Carrero.

16.     Plaintiff spent over 24 hours in jail before he saw a judge.  He was released without bail at his arraignment.  He subsequently returned to court approximately 8 times before the case was dismissed on April 4, 2016.

17.     Defendant officers lacked any legal justification for Plaintiff's arrest.  As a result of the arrest, Plaintiff suffered significant – and entirely unnecessary – psychological and emotional injuries, as well as pain and suffering, fear, emotional distress, mental anguish and humiliation.

18.     The arrest of Mr. Carrero lacked probable cause, and was done maliciously, falsely and in bad faith.  Defendants acted in wanton and reckless disregard for his rights and emotional wellbeing.

19.     As a direct and proximate result of Defendants' unlawful conduct, Mr. Carrero suffered and/or continues to suffer physical, emotional and psychological pain, mental anguish and other losses.

20.     The City either knew or should have known that the Individual Defendants were prone to use excessive and illegal force and were likely to engage in such excessive and illegal force.

21.     This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.


## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
(Against the Officer Defendants)

22.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set fourth at length herein.


23.     By the above, by falsely arresting Mr. Carrero and by failing to take steps to intercede and protect him from the above, the Officer Defendants deprived plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §1983, including but not limited to rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.


24.     The Officer Defendants acted under pretense and color of state law in their individual and official capacities and/or within the scope of their respective employments as NYPD officers. Said acts by the Police Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in the abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of

his constitutional rights secured to him by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

25.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

SECOND CAUSE OF ACTION
False Arrest
(Against All Defendants)

26.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

27.     The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine Plaintiff and, in fact, did confine Plaintiff, and Plaintiff was conscious of the confinement. In addition, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

28.     Defendants Gonzalez, Ramos and Nin were at all times agents, servants, and employees acting within the scope of their employment by New York City and the New York City Police Department, which are therefore responsible for their conduct.

29.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## THIRD CAUSE OF ACTION
### Negligence
### (Against All Defendants)

30.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

31.     Defendants owed a duty of care to the Plaintiff.

32.     Defendants breached that duty of care by injuring Plaintiff in the course of his arrest.

33.     All of the foregoing occurred without any fault or provocation on the part of Plaintiff.

34.     Defendants, their officers, agents, servants, and employees were responsible for the harm that occurred to Plaintiff. The City of New York, as the employer of each of the Officer Defendants, is responsible for the wrongdoing under the doctrine of respondent superior.

35.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

FOURTH CAUSE OF ACTION
Negligent Hiring, Training, Discipline and
Retention of Employment Services
(Against Defendant City of New York)

36.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

37.     The City of New York, through the NYPD, owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by Plaintiff. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiff, or to those in a like situation, would probably result from this conduct.

38.     Upon information and belief, Officer Defendants were unfit and incompetent for their positions as police officers.

39.     Upon information and belief, the City of New York knew or should have known through the exercise of reasonable diligence that Officer Defendants were dangerous.

40.     Upon information and belief, the City of New York's negligence in hiring, training, disciplining, and retaining Police Officer Defendants proximately caused Plaintiff's lasting physical, mental, emotional and professional injuries and scars.

41.   Upon information and belief, because of the City of New York's negligent hiring, training, discipline, and retention of the aforementioned police officers, Plaintiff incurred significant and lasting physical, mental and professional injuries.


JURY DEMAND


42.   Plaintiff hereby demands trial by jury of all issues properly triable thereby.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

Compensatory damages in the amount to be determined at trial;

Punitive damages against the individual Defendants in an amount to be determined at trial;

Reasonable attorney's fees and cost under 42 U.S.C. § 1988;

Such other and further relief as this Court may deem just and proper.


Dated: Bronx, New York
November 3, 2016



Steven H. Goldman, Esq.
190 E. 161 Street
Bronx, New York 10451
(718) 538-5743
Attorney for Plaintiff MIGUEL CARRERO

10

INDIVIDUAL VERIFICATION

State of New York
County of Bronx        ss.:

MIGUEL CARRERO, being duly sworn, deposes and says that he is the Plaintiff in the within action; that he has read the foregoing Complaint and Demand for Jury Trial and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true.

Sworn to before me this 3rd day
Of November, 2016.

MIGUEL CARRERO

AVA G. GUTFRIEND
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GU6290958
Qualified in Nassau County
My Commission Expires October 15, 2017